ORAL ARGUMENT HAS NOT YET BEEN SCHEDULED

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

No. 17-7061
_____

**KAREN H. SCOTT,**
*Plaintiff – Appellant*,

v.

**DISTRICT HOSPITAL PARTNERS, L.P., AGENT OF GEORGE WASHINGTON UNIVERSITY HOSPITAL; UHS OF DELAWARE, INC.,**
*Defendants – Appellees.*

### DEFENDANT/APPELLEES' MOTION FOR LEAVE TO FILE APPENDIX OF EXHIBITS WITH THEIR FINAL BRIEF

Defendant/Appellees District Hospital Partners, LP and UHS of Deleware, Inc., by and through Bonner Kiernan Trebach & Crociata, LLP, and pursuant to Fed.R.App.P. 27(a)(1), respectfully requests leave to file an Appendix of Exhibits, to accompany their final brief to be cited therein as: "App. at ____." In support of the relief herein requested, Defendants state as follows:

1. Underlying this case is the District Court's: (a) dismissal of the retaliation, disability discrimination and wrongful termination claims of Plaintiff/Appellant Karen Scott; and (b) entry of summary judgment in favor of defendants as to Plaintiff's remaining disparate treatment and race-based hostile work environment claims.

1

2. This is a relatively straightforward case that calls upon the Court to pass on the following two issues:

- Whether the District Court correctly dismissed Plaintiff's disability and retaliation claims in Counts I and III of the Complaint, and Plaintiff's non-raced-based hostile work environment claims in Count IV of the Complaint; and

- Whether the District Court correctly held that Defendants were entitled to summary judgment as to Plaintiff's disparate treatment discrimination claim in Count II of the Complaint and race-based hostile work environment claim on Count IV of the Complaint.

[*See* Appellee's Brief at 1].

3. Identifying record documents necessary for the Court's task was complicated by Plaintiff/Appellee's inclusion of no less than thirty-four issues on appeal. [*See* Appellant's Brief at 2 – 6]. Although an appropriate appendix is one that permits the Court to focus on record documents that are germane to issues that are properly before the Court, an overly narrow appendix would leave the Court without convenient access to information with which to contextualize the plethora of District Court action that Plaintiff characterizes as reversible error.

5. Defendants have assembled a modest number of record documents that in their view should be included in an appendix of exhibits. These documents, described in the index attached to this motion as Exhibit 1, number 338 pages in their entirety.

2

6. On September 1, 2017, Plaintiff moved for relief from her obligation to file a joint appendix on the ground of her *in forma pauperis* status. In this motion, Plaintiff accused Defendants of ignoring portions of the Federal Rule of Appellate Procedure pertaining to costs of the Joint Appendix, and characterized Defendants' position as resulting in a "standoff."

7. Omitted from this version of events is Defendants' August 24, 2017 invitation to meet and confer to review record documents that each side believed should be included in a joint appendix. [*See* August 24, 2017 email from defense counsel to Plaintiff's Counsel, Exhibit 2]. Plaintiff did not respond to this request for constructive dialogue, and filed her motion to proceed on the record one week later.

8. On September 5, 2017, the Court, on its own motion, suspended the filing of an appendix and final briefs pending further order of the Court.

9. So as to permit orderly and efficient consideration of appellate issues that are properly before the Court, Defendants respectfully request leave to accompany the filing of their final brief with an appendix of exhibits consisting of the documents described in Exhibit 1, which appendix may be sited as "App. at ____."

>Respectfully Submitted,
>
>/s/ Andrew J. Marcus
>Andrew J. Marcus
>BONNER KIERNAN TREBACH & CROCIATA LLP
>1233 20th Street, NW, 8th Floor
>Washington, DC  20036
>(202) 712-7000
>
>*Counsel for Defendants – Appellees*

# **CERTIFICATE OF COMPLIANCE**

1. This motion complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. R. 32(f):

   [ X ] this motion contains [*537*] words.

   [   ] this motion uses a monospaced type and contains [*state the number of*] lines of text.

2. This motion complies with the typeface and type style requirements because:

   [ X ] this motion has been prepared in a proportionally spaced typeface using [*Microsoft Word 2016*] in [*14pt Times New Roman*]; *or*

   [   ] this motion has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].


Dated:  September 20, 2017         /s/ Andrew J. Marcus
                                         *Counsel for Defendants – Appellees*

# **CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on this 20th day of September, 2017, I caused this Motion to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Laurence A. Elgin
OFFICES OF LAURENCE A. ELGIN
601 Pennsylvania Avenue, NW
South Building, Suite 900
Washington, DC 20004
(202) 628-1114

*Counsel for Appellant*

/s/ Andrew J. Marcus
*Counsel for Defendants – Appellees*

# **EXHIBIT 1**

# INDEX OF PROPOSED APPENDIX OF EXHIBITS

| Document | Page No. |
| --- | --- |
| Case Management Associate Position Description | 1 |
| Interview Response Sheet | 2 |
| Introductory Period Evaluation | 3 |
| Performance Review: 3/2007 – 3/2008 | 5 |
| Mid-Year Progress Review: 4/2008 – 10/2008 | 9 |
| Competency Analysis Review: 04/01/2009 | 11 |
| Competency Analysis Review: 04/01/2010 | 24 |
| Personnel Transaction Form: 04/27/2008 | 37 |
| Personnel Transaction Form – Merit Increase: 08/02/2009 | 38 |
| Meeting Notes: 05/28/2009 | 39 |
| Director Beth Reinhardt's 04/01/2010 Report of 04/12/2010 Incident | 40 |
| Employee Corrective Action Report: 04/12/2010 | 41 |
| Letter from Karen Scott to Human Resources: 5/5/2010 | 42 |
| Personnel Transaction Form – Merit Increase: 07/04/2010 | 43 |
| Project Plan for Case Management Services - November, 2010 | 44 |
| Letter of Termination: 11/29/2010 | 45 |
| Plaintiff's EEOC Charge of Discrimination: 1/3/2010 | 46 |
| Plaintiff's EEOC Intake Questionnaire: 1/3/2010 | 47 |
| EEOC Intake Notes: 1/3/2011 [*sic*, 2010] | 51 |
| Plaintiff's Amended Charge of Discrimination: 8/26/2011) | 52 |
| Email Correspondence between Plaintiff and EEOC Staff: 08/2011 | 53 |
| EEOC Database Charge Detail Inquiry Report | 55 |
| Out of Time Amended EEOC Charge of Discrimination: 12/30/2012 | 56 |
| Internal EEOC Staff Memorandum: 1/28/2013 | 60 |
| EEOC Right to Sue Letter: 2/6/2013 | 62 |
| Plaintiff's Complaint: 04/30/2013 | 63 |

| | |
|---|---|
| District Court's Order on Defendants' Motion to Dismiss: 7/28/2014 | 80 |
| District Court's Order Denying Plaintiff's Motion to Alter or Amend: 9/23/2014 | 89 |
| Joint Notice of Outstanding Issues before District Court: 1/20/2015 | 93 |
| Transcript of District Court Motion Hearing: 01/22/2015 | 98 |
| Opposition to Plaintiff's Second Motion to Compel: 5/11/2015 | 124 |
| Opposition to Plaintiff's Emergency Motion to Strike Improper Orally Moved For Order and Accompanying Colloquy: 05/11/2015 | 140 |
| Transcript of District Court Status Conference: 5/20/2015 | 151 |
| Plaintiff's List of Defendants' Discovery Deficiencies: 6/30/2015 | 181 |
| Defendants' Statement of Outstanding Discovery Disputes: 6/30/2015 | 184 |
| Transcript of Telephonic Conference with District Court: 7/01/2015 | 188 |
| Transcript of District Court Status Conference: 10/20/2015 | 219 |
| Joint Status Report: 10/27/2015 | 230 |
| Joint Notice of Completion of Plaintiff's Deposition: 1/14/2016 | 266 |
| Plaintiff's Statement filed in District Court: 4/13/2016 | 268 |
| Statement of Beverly Boykin, RN filed in District Court: 4/13/2016 | 287 |
| Statement of Wayne Monk, Sr., filed in District Court: 4/13/2016 | 295 |
| District Court Order granting Summary Judgment: 12/29/2016 | 299 |
| District Court Order Denying Plaintiff's Motion to Alter or Amend: 3/07/2017 | 307 |
| Transcript Excepts from Plaintiff's Deposition (Vol. I): 4/23/2015 | 308 |
| Transcript Excerpts from Plaintiff's Deposition: (Vol. II): 12/21/2015 | 332 |

# **EXHIBIT 2**

**BONNER KIERNAN**

Andrew Marcus <amarcus@bonnerkiernan.com>

## Re: Scott appendix
1 message

**Andrew Marcus** <amarcus@bonnerkiernan.com>　　　　　　　　　　　　　Thu, Aug 24, 2017 at 5:41 PM
To: Laurence Elgin <lawnet.lae@gmail.com>

Please let me know if you are available to meet and confer with respect to the appendix.   I am available next Tuesday 8/29 and the afternoon and Wednesday 8/30.  We can meet in my office and go over the documents.  I am ignoring nothing.  It's just that that the burden is yours to tell us what from the list I sent you earlier today - supplemented by the deposition page designations - is unnecessary.

AJM


On Thu, Aug 24, 2017 at 5:31 PM, Laurence Elgin <lawnet.lae@gmail.com> wrote:
Rule 30(b)(2) states in pertinent part: "If the appellant considers parts of the record designated by the appellee to be unnecessary, the appellant may advise the appellee, the appellant may advise the appellee, who must then advance the cost of including those parts".

I have so advised you, having agreed to include those additional portions of the record which you have designated that are required by the rules.  You continue to ignore my requests to advance the costs for those portions of the record that are not specifically required by the rules.

Could you tell me what in what items specifically in the additional materials you designate is required by the rules to be designated?   For example, transcripts are not required to be designated.  I have designated certain parts of transcripts that are in the record and you want the appendix to include additional parts of the same transcripts yet you do not seem to be willing to advance costs to include those additional parts.  Could you tell me all of the additional items that you wish the appendix to include that are required by the rules to be included, specifically?

Laurence A. Elgin